Jorge Lara BOLANOS; Norma Isabel Garcia, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Nos. 04–76631, 05–72520.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 27, 2007.

Robert L. Lewis, Esq., Law Office of Robert L. Lewis, Oakland, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, John C. Cunningham, Esq., Edward C. Durant, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GRABER, CLIFTON and BEA, Circuit Judges.

MEMORANDUM **

Petitioners, Jorge Lara Bolanos and Norma Isabel Garcia, husband and wife, seek review of the Board of Immigration Appeals' ("BIA") order upholding the immigration judge's decision to deny their application for cancellation of removal and denying their motion to reopen removal proceedings. To the extent we have jurisdiction it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We dismiss the petition for review in No. 04–76631 and we deny the petition for review in No. 05–72520.

We lack jurisdiction to review the BIA's discretionary determination that Petitioners failed to show exceptional and extremely. unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003).

Petitioners' contention that the BIA violated their due process rights by disregarding their evidence of hardship is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The BIA did not abuse its discretion by denying Petitioners' motion to reopen, because the BIA considered the evidence they submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

**PETITION FOR REVIEW in No. 04–76631 is DISMISSED and PETITION FOR REVIEW in No. 05–72520 DENIED.**